# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| JILL D. ANDREW,<br><br>  Petitioner,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>  Respondent. | Case No. CV- 10-386-C-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Jill Andrew's Petition for Review (Docket No. 1), seeking review of the Social Security Administration's final decision to deny his claim for disability insurance benefits and supplemental security income payments.  The action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I.  ADMINISTRATIVE PROCEEDINGS

On October 27, 2005, Jill Andrew ("Petitioner") applied for Social Security Disability Insurance Benefits, alleging a disability onset date of June 3, 2004.  (AR 13, 105, 130-35). Petitioner's claim was initially denied on March 3, 2006 and, again, denied on reconsideration on June 28, 2006.  (AR 89-92, 95-96).  Petitioner timely filed a Request for Hearing before an Administrative Law Judge ("ALJ").  (AR 98).  On February 5, 2008, ALJ Michael A. Kilroy, held a hearing in Boise, Idaho, at which time Petitioner, represented by attorney Nick Huntsman,

**MEMORANDUM DECISION AND ORDER - 1**

appeared and testified. (AR 28). Also testifying were James Bruce, M.D., a medical expert,

Holly Peterson, a vocational expert, and John Andrew, Petitioner's husband.

On March 18, 2008, the ALJ issued a decision, denying Petitioner's claims, finding that

Petitioner was not disabled within the meaning of the Social Security Act. (AR 10-25).

Petitioner timely requested review from the Appeals Council. On May 26, 2010, the Appeals

Council denied Petitioner's request for review, making the ALJ's decision the final decision of

the Commissioner of Social Security. (AR 3). Of significance, however, Petitioner filed a

subsequent application for benefits filed on April 23, 2008, and was found disabled as of March

19, 2008, the day after the ALJ issued a decision in the instant case. Pet.'s Br., p. 2 (Dkt. 14).

The Appeals Council noted that it had considered this information but found it did not warrant a

change in the ALJ's decision because "[t]he subsequent allowance resulted from an exacerbation

of [Petitioner's] symptoms after the date" of the ALJ's decision. (AR 4).

Having exhausted her administrative remedies, Petitioner timely filed the instant action

requesting that this Court review the Commissioner's decision and remand this case for

reconsideration.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence

and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981

F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42

U.S.C. § 405(g). That is, if there is substantial evidence to support the ALJ's factual decisions,

they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance of evidence, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that

**MEMORANDUM DECISION AND ORDER - 3**

is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## III. DISCUSSION

### A. Sequential Processes

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe his physical/mental impairments are and regardless of his age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant has not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner had engaged in SGA after June 3, 2004, the alleged onset date because she worked full time as a caretaker until July 5, 2004. (AR 15).

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration

**MEMORANDUM DECISION AND ORDER - 4**

requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination

of impairments is "severe" within the meaning of the Social Security Act if it significantly limits

an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

An impairment or combination of impairments is "not severe" when medical and other evidence

establish only a slight abnormality or a combination of slight abnormalities that would have no

more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921.

If the claimant does not have a severe medically determinable impairment or combination of

impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the

ALJ found that Petitioner had a severe impairment, schizophrenia. (AR 15).

The third step requires the ALJ to determine the medical severity of any impairments;

that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R.

Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the

answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor

equal one of the listed impairments, the claimant's case cannot be resolved at step three and the

evaluation proceeds to step four. *Id.* Here, the ALJ concluded that Petitioner does not have an

impairment (or combination of impairments) that meets or medically equals a listed impairment

(AR 16).

The fourth step of the evaluation process requires the ALJ to determine whether the

claimant's residual functional capacity is sufficient for the claimant to perform past relevant

work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional

capacity is his ability to do physical and mental work activities on a sustained basis despite

limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's

past relevant work is work performed within the last 15 years or 15 years prior to the date that

disability must be established; also, the work must have lasted long enough for the claimant to

learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b),

404.1565, 416.960(b), 416.965. Here, the ALJ determined that Petitioner has the residual

functional capacity to perform a full range work at all exertional levels, but with the following

nonexertional limitations:

> [Petitioner] is able to interact one-on-one with the general public
> on a frequent basis but should not have to deal with large numbers
> of people; is able to interact with a few co-workers and be around
> co-workers but should not have to interact between each other to
> get the job done; and supervision should be minimal once the job
> is learned. She is limited to a routine job that is unskilled in
> nature, and a job once learned that involves minimal new learning.
> She is limited to a low focus type job and a low stress type job.

(AR 16-17).

In the fifth and final step, if it has been established that a claimant can no longer perform

past relevant work because of his impairments, the burden shifts to the Commissioner to show

that the claimant retains the ability to do alternate work and to demonstrate that such alternate

work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th

Cir. 1993). If the claimant is able to do other work, she is not disabled; if the claimant is not able

to do other work and meets the duration requirement, she is disabled. Here, the ALJ determined

that Petitioner is unable perform past relevant work as an Alzheimer's caretaker, job coach,

personal care provider, general cashier, secretary, data entry worker, or factory assembly worker.

(AR 23). The ALJ found that there are jobs that exist in significant numbers in the national

**MEMORANDUM DECISION AND ORDER - 6**

economy that Petitioner can perform, including motel maid and food and beverage order clerk; therefore, the ALJ found Petitioner to not be under a disability. (AR 24).

**B.      Petitioner's Arguments**

Petitioner alleged disability due to schizophrenia. The ALJ found this impairment to be severe, but ultimately determined that Petitioner was not under a disability from June 3, 2004 through March 18, 2008. (AR 15, 24). Petitioner challenges the ALJ's denial of disability benefits in five respects, challenging the ALJ's (1) evaluation of whether Petitioner's mental impairments meet Listing 12.03; (2) credibility determinations; (3) evaluation of Petitioner's treating medical providers; (4) residual functional capacity ("RFC") assessment. Petitioner also argues that the ALJ's decision is inconsistent with the Commissioner's later decision finding her disabled beginning March 19, 2008, the day following the date on which the ALJ made its disability determination in the instant case. The Court will consider first Petitioner's request for remand "so that the Commissioner can resolve the conflicts between the denial at issue in this case and the subsequent allowance." Reply, p. 10 (Dkt. 16).

**C.      Remand is Appropriate to Resolve Conflicts Between the ALJ's Denial of Benefits on March 18, 2008 and the Subsequent Grant of Benefits for a Disability beginning March 19, 2008**

On October 26, 2008, just seven months after the ALJ's March 18, 2008 decision finding Petitioner not disabled in this case as a result of her diagnosed schizophrenia, the Commissioner considered a subsequent disability application and issued a Notice of Award finding Petitioner disabled as of March 19, 2008. Pet.'s Br., Ex. 1 (Dkt. 14-1). The Appeals Council was aware of this subsequent grant of benefits when it declined to review the ALJ's decision in the instant

**MEMORANDUM DECISION AND ORDER - 7**

case. (AR 3-5). The Appeals Council stated that it had considered the subsequent grant of benefits on the second application but found that it did not warrant a change in the ALJ's decision on the first application at issue in this case. (AR 4).

1.     Background

This case involves Petitioner's diagnosed schizophrenia, which began in 1992. (AR 219, 231). She was hospitalized for her mental illness in 1992, 1994, and in 2007 (when she was hallucinating, delusional, and thought her baby was possessed). (AR 299, 384-405, 417).[1]

Since about August of 2003, Petitioner has been treated by Dr. Thomas Herzia, M.D. (AR 305). His treatment notes describe symptoms of auditory hallucinations, anxiety, paranoia, and problems with concentration, which at times are reduced by use of medication. (AR 260, 262, 263, 264, 265, 266, 267, 269, 282, 294). In November of 2008, Dr. Herzia opined that Ms. Andrew met Listing 12.03, Schizophrenic, Paranoid & Other Psychotic Disorders, and he completed a Mental Capacity Assessment form explaining that Petitioner had numerous marked and extreme limitations in her ability to function. (AR 306-09).

Petitioner was also treated by Carey Crill, a certified mental health nurse practitioner. Crill explained that Petitioner tends to report she is doing better than she actually is, but nothing has helped her auditory hallucinations or paranoia about the devil. Nurse Crill opined that Petitioner would not be able to work more than 4 hours a day, and even that was questionable, and she completed a mental capacity assessment stating that Petitioner had a number of marked limitations and several extreme limitations in her ability to function. (AR 496-501).

---

[1] Petitioner's counsel also has stated that she was involuntarily committed again in May 2010, after the time period of the ALJ's disability determination. Pet.'s Br., p. 6 (Dkt. 14).

**MEMORANDUM DECISION AND ORDER - 8**

The ALJ relied heavily on the opinions of Dr. James Bruce, a medical expert testifying in this case. (AR 17-19). Dr. Bruce found Petitioner suffered from only mild to moderate restrictions and that the treatment records do no support the ratings on the assessments completed by Dr. Herzia and Ms. Crill. (AR 18). The ALJ rejected "at least seven questionnaires" expressing the opinions of these treating sources. (AR 21).

In reviewing the medical and other evidence, the ALJ found that Petitioner's statements are partially credible but they are exaggerated concerning the intensify, persistence and limiting effects of those symptoms. (AR 19). However, the record contains evidence that Petitioner is likely to under report her symptoms and does not have good insight into her illness. (AR 220, 223, 354, 356, 375, 409, 501). The ALJ also found that Petitioner's symptoms are well-controlled by medication, but he cites to evidence that predates Petitioner's alleged onset date. (AR 19).

As noted above, the ALJ issued the decision denying Petitioner benefits on her first application on March 18, 2008. Petitioner, however, was determined to be disabled on a second application for benefits as of March 19, 2008, *one day later*. The ALJ did not have the benefit of the decision granting Petitioner's second application for benefits but the Appeals Council did and it upheld the ALJ's decision, explaining that "[t]he evidence from the subsequent claim indicates an increase in symptoms not occurring until May 2008." (AR 4). However, benefits were granted as of March 2008, not May 2008, and there are no record citations or other evidence for the Court to review the Appeals Council's terse explanation for why there was no change warranted in the ALJ's decision.

**MEMORANDUM DECISION AND ORDER - 9**

2.  Relevant Case Law & Analysis

Petitioner seeks remand to consider the effect of the March 19, 2008, grant of benefits on the March 18, 2008, ALJ decision.  On judicial review of ALJ findings, Section 405(g) provides, in relevant part:  "The Court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence that is material and that there is good cause for the failure to incorporate such evidence into the record in the prior proceeding."

The Ninth Circuit recently reaffirmed the principle that remand is appropriate under 42 U.S.C. § 405(g) on a showing of new evidence which is material.  *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010).  Although the Court recognizes that the *Luna* case involved a stipulation to remand in which the only issue was the scope of the remand, its principles are applicable here.  The Ninth Circuit held that new evidence is material when "'it bears directly and substantially on the matter in dispute', and if there is a 'reasonable possibility that the new evidence would have changed the outcome of the . . . determination.'"  *Id.* (citing *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001), and *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)).

In *Luna*, the Ninth Circuit relied on two out of Circuit cases holding that an award based on an onset date in immediate proximity to an earlier denial is worthy of further scrutiny and in *Luna*, as here, the time line was one day.  623 F.3d at 1034 (citing *Reichard v. Barnhart*, 285 F.Supp.2d 728, 734 (S.D.W.Va. 2003) (less than a week); *Bradley v. Barnhart*, 463 F.Supp.2d 577, 580–81 (S.D.W.Va. 2006) (one day)).  "The 'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first

application indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Id.* at 1034.

The Ninth Circuit has found that a second, successful application may not make a difference if there is "different medical evidence, a different time period, and a different age classification." *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir .2001). However, the basis for both disability applications presented by the Petitioner in the instant case is the ongoing schizophrenia diagnosis, present since 1992. Reply, p. 10 (Dkt. 16). Thus, as in *Luna*, the Court cannot "conclude based on the record before [it] whether the decisions concerning [the disability claimant] were reconcilable or consistent." *Luna*, 623 F.3d at 1035. Given the uncertainty, the proper remedy for an inadequate record is to remand for further fact finding. *See, e.g.*, *Daniel v. Astrue*, No. CV 10–4825–JEM, .2011 WL 3501759 (C.D. Cal. Aug. 9, 2011).

The ALJ's decision did not have the benefit of any new information submitted in support of the second application or the subsequent decision granting benefits. This Court also does not have that information in the record before it, all that has been submitted is the notice of award of benefits. Whatever evidence was provided in the second application, it supported a finding that the Petitioner became disabled under the Regulations on March 19, 2008, the day after the ALJ decided in the first case that Petitioner was not disabled through the date of March 18, 2008. Reading these two inconsistent decisions together, Petitioner's schizophrenia was not disabling on March 18, 2008, but became disabling the very next day.

The Appeals Council knew of the subsequent application but did not believe it would warrant a change in the ALJ's decision. (AR 4, 7, 216). The Appeals Council, however, provides insufficient detail to explain its decision. The medical evidence that was the basis of

the approved disability application is not in the record before the Court submitted in this case. *See* AR 7 & 216 (counsel for Petitioner submitted a letter stating that a second application had been granted, but there is no information as what evidence supported the finding of disability). There is no record to indicate on what basis benefits were awarded or whether some of the same evidence was considered in granting benefits for that second application. Because the two decisions are both based on Petitioner's schizophrenia and there is only one day between the not disabled and then disabled date, the decisions are not easily reconciled and this Court believes, based on the record before it in this case, that there is a more than just a "reasonable possibility" that the outcome of Petitioner's first application might be different. Of concern to the Court is that there is no record for this Court to assess the basis of the Appeals Council's decision.

The Court recognizes that it was Petitioner's burden to prove disability during the relevant time period. However, a subsequent benefit grant with an onset date in close proximity to an earlier benefit denial can constitute new and material evidence warranting remand, particularly where there is uncertainty due to an inadequate record supporting the Appeals' Council's decision to uphold the ALJ without review. The Appeals Council chose to consider the benefit grant but then failed to provide any explanation or supplement the record to make it possible for this Court's review. For these reasons, the Court will remand this case for further consideration consistent with this decision. On remand, the Appeals Council and/or ALJ are instructed to address the Commissioner's subsequent benefits grant, incorporate the decision and medical evidence from that case into this case to the extent the evidence is relevant and informative to the time period at issue in this case, with particular emphasis on the March 2008 time frame in which the two decisions come to differing conclusions. The Commissioner also

**MEMORANDUM DECISION AND ORDER - 12**

shall provide reasons why the benefits grant should have no bearing on this case if that is the

Commissioner's continuing position.

Because the remand in this case is pursuant to section six[2] of the judicial review statute,

the Court need not consider whether remand needs to be effected under sentence four[3] as well for

reconsideration of the Petitioner's other challenges, at this time.  Under a sentence six remand,

the Commissioner "shall file with the court any such additional and modified findings of fact and

decision," and that decision is reviewable to the extent provided for review of the original

findings of fact and decision."  Accordingly, should the decision issued by the Commissioner on

remand be unfavorable to Petitioner, the Court will then be able to consider all the challenges to

that decision in light of how the Commissioner considered the new information presented.

## IV.  CONCLUSION

The March 18, 2008 ALJ decision and May 26, 2010, Appeals Council decision are

reversed and remanded under 42 U.S.C. § 405(g).  The Court cannot determine on the record

before it whether the ALJ's decision denying benefits is reconcilable with the nearly immediate

---

[2]  The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C.A. § 405(g).  The Commissioner "shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision."

[3]  "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C.A. § 405(g).

**MEMORANDUM DECISION AND ORDER - 13**

subsequent grant of benefits.  The Appeals Council, in finding that the subsequent grant of

benefits did not warrant alteration of the ALJ's March 18, 2008, denial of benefits, failed to

adequately explain the basis for its finding or to provide a record sufficient for this Court to

evaluate the correctness of its decision.

## V.  ORDER

Based on the foregoing, Petitioner's request for review is GRANTED.  This matter is

remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with

this Memorandum Decision and Order.

DATED:  **September 30, 2011**.

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**